*JG Wentworth Originations, LLC v. Petrie*, No. 908-10-19 Cncv (Toor, J., Feb. 10, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| SUPERIOR COURT<br>Chittenden Unit | CIVIL DIVISION<br>Docket No. 908-10-19 Cncv |
|---|---|
| JG Wentworth Originations, LLC,<br>Plaintiff<br><br>v.<br><br>Alexandrea Petrie,<br>Defendant | |

## ORDER

This is a petition to transfer structured settlement payments due to Ms. Petrie as the result of a wrongful death case. The court noted in a prior matter involving these parties that the underlying documents barred assignment of the right to the payments. The parties have now submitted a stipulation by which the payor, Allstate, waives any objection to the assignment. They have also submitted an order from the court that approved the initial settlement, essentially approving that stipulation.

J.G. Wentworth argues that the statute allowing for transfers of settlement rights overrides the no-assignment language of the annuity agreement, citing 321 Henderson Receivables Origination LLC v. Sioteco, 173 Cal. App. 4th 1059 (2009). The court's decision in that case, however, was based in large part upon a state statute that generally made anti-assignment clauses ineffective. Id. at 1074. Plaintiff points to no such Vermont statute. Another recent case involving J.G. Wentworth reached the opposite conclusion, holding that a payor's objection to assignment bars a transfer under the statute. Johnson v. J.G. Wentworth Originations, LLC, 391 P.3d 865, 870-71 (Or. App. 2017); *see also*, In re Hughes, 513 S.W.3d 28, 35 (Tex. App. 2016)(denying transfer of settlement rights, holding that "clear and unambiguous language of the contracts prohibiting assignment

should be given full effect"); Settlement Funding, LLC v. Brenston, 998 N.E.2d 111, 120 (Ill. App. 2013) ("the trial court must enforce the antiassignment provision and it has no authority under the Act to grant a petition seeking approval of the transfer of structured payment rights").

This court does not believe that the structured settlement statute, 9 V.S.A. § 2480aa et seq., overrides contractual terms. "If a petitioner possesses no right to assign under a settlement agreement because of an antiassignment provision, the trial court has no discretion." Shaffer v. Liberty Life Assur. Co. of Bos., 746 N.E.2d 285, 293 (Ill. App. 2001); *see also*, Grieve v. Gen. Am. Life Ins. Co., 58 F. Supp. 2d 319, 324 (D. Vt. 1999) ("Structured settlement payments are non-assignable in order to preserve the injured person's long-term financial security.")(internal quotations and citation omitted). However, "anti-assignment provisions in structured settlement contracts that prevent beneficiaries from transferring their rights to annuity payment can be waived." Sanders v. JGWPT Holdings, Inc., No. 14 C 9188, 2016 WL 4009941, at *7 (N.D. Ill. July 26, 2016); *see also* 6 Am. Jur. 2d Assignments § 24 ("[a] contract provision prohibiting or restricting an assignment may be waived"); Singer Asset Fin. Co., LLC v. Wyner, 937 A.2d 303, 310 (N.H. 2007)("[a] prohibition against assignment. . . may be waived")(discussing New York law; citation omitted). Because Petrie and Allstate have both waived any objection to assignment, and that waiver has been approved by the original court approving the settlement, the court finds that the waiver is adequate here to permit assignment.

"[A] trial court must engage in the best-interest analysis called for by state and federal statute before either approving or denying a transfer of future structured settlement payment rights." Stevens Law Office v. Symetra Assigned Benefits Serv. Co., 2017 VT 61, ¶ 12, 205 Vt. 136. "[T]he Legislature has placed the trial court in the role of

guardian tasked with balancing the value of a long-term income stream for a payee with the payee's right to determine the best use of his or her own income stream over the present and future." Id., ¶ 14.

Here, the court finds[1] that Ms. Petrie is an intelligent, hard-working young woman who has given this transaction adequate consideration. She wishes to use the funds to pay for pharmacy school and to purchase a duplex by which she can provide herself with a home and an ongoing income stream. She has discussed it with her father, who testified in support of her choice, and has looked into alternate student loans and found that this was the best option for her. The court finds that all other statutory requirements have been met. *See* 9 V.S.A. § 2480dd. Because Ms. Petrie has a wise long-term plan, the court concludes that despite the money she gives up by doing this, it is in her best interests to obtain an advanced degree and provide for her future success in this manner.

Order

The petition is granted.

Dated at Burlington this 10th day of February, 2020.

_____
Helen M. Toor
Superior Court Judge

---

[1] The court's findings are based in part on testimony from a prior case in which the court denied approval, prior to the submission of the waiver here. *See* Docket 517-6-19 Cncv.

3